■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN ALMONTE, Appellant. [987 NYS2d 152]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered December 9, 2010, as amended January 12, 2011, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously affirmed.

The challenged evidence presented regarding other crimes and bad acts, and the related arguments in the prosecutor's summation, were generally relevant for purposes other than criminal propensity (see generally People v Cass, 18 NY3d 553, 559-560 [2012]). Some portions of the proof at issue were relevant to consciousness of guilt and others tended to complete a coherent narrative. To the extent that some elements of the challenged evidence did not have a legitimate nonpropensity purpose or had the potential for undue prejudice, and to the extent any portions of the prosecutor's summation were inappropriate, the court's curative actions minimized any prejudice, and any error was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]). Concur—Mazzarelli, J.P., Friedman, Saxe and Feinman, JJ.